IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TY DAVIS REECE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0247 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**<u>REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
FOR FAILURE TO EXHAUST STATE COURT REMEDIES</u>**

Came for consideration the petition for a writ of habeas corpus filed by petitioner TY DAVIS REECE on September 14, 2006.[1] For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition should be DISMISSED for failure to exhaust state court remedies.

I.
<u>PROCEDURAL HISTORY</u>

In his petition, petitioner REECE has failed to provide the Court with adequate information about the procedural history of his case. Petitioner cites to Cause No. 50,534-A out of the 47th District Court of Potter County, Texas, for which he pled guilty and received a two (2) year prison

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

sentence, but petitioner has failed to provide the date of such conviction or the nature of the offense. Additionally, while petitioner REECE has stated he filed two (2) nunc pro tunc motions related to Cause Nos. 16,675-C and 14,993-C, petitioner has failed to provide further information about the underlying nature of such convictions, or the sentences received on them.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to argue the following:

1. His sentence is illegal because he was denied jail credit for pre-trial confinement due to his inability to post bail; and

2. He was denied "back flat jail time credit" for the time he spent in jail before being transferred to another jail.[2]

## III.
## EXHAUSTION OF STATE COURT REMEDIES

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I)    there is an absence of available State corrective process; or

    (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits,

---

[2] Although not entirely clear, petitioner's brief in support of his habeas application could be construed to argue that while the trial court awarded petitioner the time at issue herein, 120 days, respondent (TDCJ-CID) has failed to credit his sentence with such time credits. (Petitioner's Brief at 3). If such is the case, petitioner would also be required, pursuant to Texas law, to first pursue claims of denial of time credits through a dispute-resolution process within the prison system before seeking relief pursuant to TEX. CODE CRIM. PROC. § 11.07." *Sorrells v. Cockrell*, No. 4:01-CV-0324-A, 2001 WL 1148962, at *3 (N.D. Tex. Sept. 17, 2001).

>notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>(3) . . .
>
>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

>Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement,

petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition.  *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).  In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement.  Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999).  Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 2005), or on direct appeal by a petition for discretionary review.

In his federal habeas application petitioner has failed to provide whether he appealed his conviction and sentence and has failed to provide state habeas information.  Petitioner has presented nothing herein to show the state's highest court has had an opportunity to review and determine the merits of petitioner's claims.  Alternatively, as stated in Footnote 2, if petitioner is not challenging any of the three convictions cited in his petition but is instead seeking an award of time served credits, petitioner has also failed to provide proof that he has initiated the time dispute-resolution process available within the prison system.  Consequently, petitioner has provided nothing to show his claims presented herein have been exhausted.  Accordingly, petitioner's grounds raised in this federal habeas application have not been exhausted and said application is subject to summary dismissal in order that petitioner may present to, and obtain a ruling on his grounds by the Texas Court of Criminal Appeals or alternatively, the TDCJ-ID.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus filed by petitioner TY DAVIS REECE be, in all things, DISMISSED for failure to exhaust state court remedies.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of October 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-

to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).